**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Carl Zieminski, Appellant.

Appellate Case No. 2023-001265

———————

Appeal From Greenville County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-341
Submitted June 1, 2026 – Filed July 1, 2026

———————

**AFFIRMED**

———————

Joseph Sloan Lyles, of The Lyles Law Firm, LLC, of Travelers Rest, for Appellant.

Christopher R Antley and Andrew Nathan Price, both of Greenville, for Respondent.

———————

**PER CURIAM:**  Michael Carl Zieminski appeals the circuit court's order affirming his convictions in the magistrate court for three violations of section 4-19 of the Greenville County Code of Ordinances (2018) (the Ordinance) and sentence of fines or jail time.  On appeal, Zieminski argues the circuit court erred by (1) determining that he was required to serve his notice of appeal on the South

Carolina Attorney General; (2) not requesting an amended return for the "lack of a sufficiently complete record" by the magistrate; (3) determining the magistrate did not fail to maintain the integrity of its courtroom despite not sua sponte declaring a mistrial when a dog unexpectedly entered the courtroom; (4) finding the issue of the constitutionality of the Ordinance was not preserved for appellate review; (5) affirming the magistrate's ruling that no veterinary expert was required under the Ordinance; (6) affirming the magistrate's admission of a photograph of an injured dog when its probative value was substantially outweighed by the danger of unfair prejudice and; (7) finding the magistrate court did not deny Zieminski's rights to a fair trial through several procedural and substantive errors. We affirm pursuant to Rule 220(b), SCACR.

As to whether the circuit court erred in not requesting an amended return for the "lack of a sufficiently complete record" by the magistrate, we hold Zieminski failed to provide a sufficient record from which this court could make an intelligent review of the sufficiency of the magistrate's return because only part of the magistrate court's filed return was provided to this court. *See* Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the [r]ecord on [a]ppeal."); *State v. Tyndall*, 336 S.C. 8, 17, 518 S.E.2d 278, 283 (Ct. App. 1999) ("An appellant has a duty to provide this [c]ourt with a record sufficient for review of the issues on appeal."); *Hamilton v. Greyhound Lines E.*, 281 S.C. 442, 444, 316 S.E.2d 368, 369 (1984) ("The appealing party has the burden of furnishing a sufficient record from which this court can make an intelligent review."). Further, we hold Zieminski waived his argument to the untimeliness of the magistrate court's return under section 18-7-60 of the South Carolina Code (2014) by failing to petition for a writ of mandamus. *See State v. Barbee*, 280 S.C. 328, 329, 313 S.E.2d 297, 298 (1984) (holding the burden was on the party appealing the magistrate court's order "to obtain the magistrate's compliance by mandamus if necessary"); § 18-7-60 (stating that within thirty days after service of the notice of appeal, the magistrate must "make a return to the appellate court of the testimony, proceedings and judgment and file it in the appellate court").

As to whether the circuit court erred in determining the magistrate did not fail to maintain the integrity of its courtroom despite not sua sponte declaring a mistrial when a dog unexpectedly entered the courtroom, we hold the circuit court did not err in finding this issue was not preserved for appellate review because it was not raised to and ruled on by the magistrate court. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.

Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Dial*, 429 S.C. 128, 132, 838 S.E.2d 501, 503 (2020) ("As the court of appeals recognized, this established rule [of preservation] applies in appeals from magistrates court to circuit court.").  Further, as to whether the circuit court erred by finding that the dog's visit to the courtroom was so egregious that objection during the trial was not necessary, we hold this argument is not preserved for appellate review because it was not raised to and ruled upon by the circuit court.  *See Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693-94 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal.").

As to whether the circuit court erred in finding the issue of the constitutionality of the Ordinance was not preserved for appellate review, we hold the circuit court did not err in finding this issue was not preserved because it was not raised to and ruled on by the magistrate court.  *See id.* ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal.").  Initially, the magistrate return noted Zieminski did not argue any constitutional issues during trial, and thus, any constitutional issues argued on appeal to the circuit court were not preserved.  Additionally, although Zieminski argued to the circuit court that the *magistrate* court erred in commenting on the preservation of his constitutional questions in its return, he does not argue to this court that the *circuit* court erred in finding the issue not preserved.

As to whether the circuit court erred in affirming the magistrate's ruling that no veterinary expert was required under the Ordinance, we hold the circuit court correctly concluded that the magistrate court did not abuse its discretion in determining that the Ordinance did not require expert veterinary testimony.  *See State v. Henderson*, 347 S.C. 455, 457, 556 S.E.2d 691, 692 (Ct. App. 2001) ("In criminal appeals from [the] magistrate . . . court, the circuit court does not conduct a *de novo* review, but instead reviews for preserved error raised to it by appropriate exception."); *Taylor*, 411 S.C. at 299-300, 768 S.E.2d at 74 ("This court will review the decision of the magistrate court for errors of law only."); *id.* at 300, 768 S.E.2d at 74 ("In criminal appeals from the magistrate court, the circuit court is bound by the magistrate court's findings of fact if any evidence in the record reasonably supports them."); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or

otherwise.").  Here, the Ordinance's language is plain and unambiguous, so we apply its ordinary and reasonable meaning; thus, because the Ordinance does not reference expert or veterinary testimony as necessary to establish the elements of the offense, we hold the circuit court did not err in affirming the magistrate court's conclusion that the Ordinance does not require expert testimony.  *See Mikell v. Cnty. of Charleston*, 386 S.C. 153, 160, 687 S.E.2d 326, 330 (2009) ("When interpreting an ordinance, the legislative intent must prevail if it can be reasonably discovered in the language used."); *Charleston Cnty. Parks & Recreation Comm'n v. Somers*, 319 S.C. 65, 68, 459 S.E.2d 841, 843 (1995) ("In construing ordinances, the terms used must be taken in their ordinary and popular meaning."); § 4-19 ("Any person who abuses an animal . . . by acting or failing to act, shall be in violation of this section.  Cruelty to an animal includes . . . [f]ailing to provide adequate shelter, sustenance, space, exercise, bedding, and sanitary conditions for the animal."); Greenville County, S.C., Code of Ordinances § 4-11(a)(4) (2025) (defining "insanitary conditions" as including excessive animal waste, garbage, trash, standing water or mud, rancid or contaminated food or water, fumes, foul or noxious odor, decaying material, rodent infestations, or areas contain sharp implements that could cause harm).  To the extent Zieminski additionally contends the magistrate improperly permitted the building code inspector to testify regarding the condemned status of the residence, we hold this issue is not preserved for appellate review because it was neither raised to nor ruled upon by the circuit court.  *See Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693-94 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal.").

As to whether the circuit court erred in affirming the magistrate's admission of a photograph of an injured dog when its probative value was substantially outweighed by the danger of unfair prejudice, we hold the circuit court correctly concluded that the magistrate court did not abuse its discretion in admitting a photograph of a dog's open wound because its probative value was not substantially outweighed by the risk of unfair prejudice.  *See Henderson*, 347 S.C. at 457, 556 S.E.2d at 692 ("In criminal appeals from [the] magistrate . . . court, the circuit court does not conduct a *de novo* review, but instead reviews for preserved error raised to it by appropriate exception."); *Taylor*, 411 S.C. at 299-300, 768 S.E.2d at 74 ("This court will review the decision of the magistrate court for errors of law only."); *id.* at 300, 768 S.E.2d at 74 ("In criminal appeals from the magistrate court, the circuit court is bound by the magistrate court's findings of fact if any evidence in the record reasonably supports them."); *State v. Nelson*, 440 S.C. 413, 420, 891 S.E.2d 508, 511 (2023) ("[T]he admission of evidence is addressed

to the sound discretion of the trial court, and its ruling will not be disturbed in the absence of an abuse of discretion accompanied by prejudice."); Rule 403, SCRE (stating that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"); *State v. Dial*, 405 S.C. 247, 260, 746 S.E.2d 495, 502 (Ct. App. 2013) (noting that in determining whether to admit photographs, the trial court "must balance [the danger of unfair prejudice] of . . . photographs against their probative value" (quoting *State v. Martucci*, 380 S.C. 232, 249, 669 S.E.2d 598, 607 (Ct. App. 2008))).

As to whether the circuit court erred in finding the magistrate court did not deny Zieminski's rights to a fair trial through several procedural and substantive errors, we hold this issue was not preserved for appellate review because it was not raised to and ruled on by the circuit court. *See Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693-94 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."). Zieminski's argument that he is entitled to a new trial pursuant to the cumulative error doctrine was raised for the first time in his appellate brief to this court. *See State v. Beekman*, 405 S.C. 225, 237, 746 S.E.2d 483, 490 (Ct. App. 2013) ("The cumulative error doctrine provides relief to a party when a combination of errors, insignificant by themselves, has the effect of preventing the party from receiving a fair trial, and the cumulative effect of the errors affects the outcome of the trial."); *id.* at 236-38, 746 S.E.2d at 489-90 (holding the cumulative effect of errors argument was not preserved for appellate review when the issue was neither raised to nor ruled on by the circuit court and the appellate court would not apply the plain error doctrine).

Having decided the above issues in favor of the State, we need not address whether the circuit court erred by determining that Zieminski was required to serve his notice of appeal on the South Carolina Attorney General. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("It is within the appellate court's discretion whether to address any additional sustaining grounds.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.